UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GREGORY L. HARDIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.   2:03-CR-74-JRG-MCLC-5 |
| | ) |          2:16-CV-55-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the United States's motion to deny and dismiss Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 629]. Petitioner submitted the § 2255 petition on March 18, 2016 [Doc. 605]. In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague)].

### I.    BACKGROUND

In 2010, Petitioner pled guilty to conspiring to distribute at least five grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [Docs. 308, 309]. He "knowingly and voluntarily agree[d] to waive any rights he m[ight] have to file any post-conviction motions or pleadings pursuant to . . . [§] 2255," except for petitions raising claims of "ineffective assistance of counsel and prosecutorial misconduct" [Doc. 308 ¶ 14].

Because Petitioner had a prior federal drug conviction, he faced an enhanced statutory penalty range of ten years up to life imprisonment [*Id.* ¶ 2; Presentence Investigation Report (PSR) ¶¶ 35, 36]. Based on that same drug conviction and a prior Tennessee conviction for attempted second-degree murder [PSR ¶¶ 34, 35], the United States Probation Office deemed Petitioner to be a career offender [*Id.* ¶ 28]. In accordance with that designation, this Court imposed a 262-month sentence [Doc. 407]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 443]. The Supreme Court denied a writ of certiorari on June 29, 2007 [Doc. 468].

Over eight-and-a-half years later—on March 18, 2016, Petitioner filed the instant § 2255 motion requesting sentencing relief under *Johnson* [Doc. 605 (challenging career offender status)]. The United States responded in opposition [Doc. 616]; Petitioner replied in turn [Doc. 617].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 628].

On March 27, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 629], and, on April 7, 2017, Federal Defender Services of Eastern Tennessee (FDSET) filed a motion to

2

withdraw as counsel [Doc. 632 (explaining that counsel cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)].[1]  Petitioner filed a pro se response in opposition to the motion to deny and dismiss [Doc. 631].  In that response, Petitioner argues the following: *Beckles* does not foreclose the requested *Johnson*-based relief because he was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), i.e., under the mandatory Guidelines, and the Supreme Court expressly limited its holding in *Beckles* to the post-*Booker* advisory Guidelines; the residual clause of the mandatory guidelines is unconstitutionally vague for the same reasons as the ACCA provision; and, as a result, his prior conviction for attempted second-degree murder no longer qualifies as a crime of violence [*Id.*].

## II.     REQUEST TO WITHDRAW

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 632] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order.

## III.    DISPOSITIVE MOTION AND § 2255 PETITION

As previously discussed, the instant petition contains a single ground for collateral relief: *Johnson* invalidated the residual provision of the pre-*Booker* mandatory Guidelines, Petitioner's prior Tennessee conviction for attempted second-degree murder only qualified as a crime of violence under that now-defunct clause, and he lacks sufficient predicates for career offender enhancement without it [Docs. 605, 631].  The United States opposes collateral relief for two reasons: (1) attempted second-degree murder remains a crime of violence under the enumerated-

---

[1]     On February 11, 2016, this Court appointed FDSET for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson*.  E.D. Tenn. S.O. 16-02 (Feb. 11, 2016).

offense and use-of-physical-force clauses [Doc. 616]; and (2) *Beckles* forecloses relief [Doc. 629]. Because this Court agrees with the former, it need not determine whether *Beckles* holding regarding the post-*Booker* advisory Guidelines applies to the pre-*Booker* mandatory Guidelines.

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Categorization as a Career Offender After *Johnson*

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual

4

clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. However, the Court made clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.*

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 605, 631].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG §4B1.2(a) (adopting identical use-of-physical-force and residual clauses as well as a nearly identical enumerated-offense clause).

Because Petitioner does not dispute that his prior federal drug conviction qualifies as a controlled substance offense, the validity of his sentence depends on whether or not attempted second-degree murder qualifies as a "crime of violence" under the use-of-physical-force or enumerated-offense clauses. *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1

5

(2016). To determine whether that particular offense so qualifies, the Court must first identify the precise crime of conviction. *Descamps V. United States*, 133 S. Ct. 2276, 2285 (2013). It does so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—the Court resort[s] to a "modified categorical approach" and "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

For purposes of the use-of-physical-force clause, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Petitioner's conviction for attempted second-degree murder—defined at the time as "a knowing killing of another," Tenn. Code Ann. § 39-13-201(a)(1)(1991); *State v. Gilliam*, 901 S.W.2d 385, 390 (Tenn. Crim. App. 1995)—categorically qualifies as a violent felony under that provision because the attempted killing of another human necessarily requires an attempted use of force capable of causing physical injury. *Cf. United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) ("We hold that one can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury, i.e., violent physical force."); *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012) ("One can knowingly cause or attempt to cause physical harm . . . to another only by knowingly using or attempting to use . . . force capable of causing physical injury."); *see also United States v. Bennett*, 604 F. App'x 11, 16 (2nd Cir. 2015) (concluding, because all forms of New York second-degree murder require the defendant to cause the death of

6

another, the offense categorically qualifies as a violent felony under the use-of-physical-force clause).

To the extent Petitioner suggests that someone could commit second-degree murder without the use of physical force by adopting poison or other non-violent means, the court disagrees. To the contrary, an individual uses physical force under the use-of-physical-force clause when, regardless of the means adopted, he knowingly sets in motion a series of events that he knows will result in the application of force capable of causing physical pain or injury to another. *See Evans*, 699 F.3d at 864 (rejecting a similar argument by noting that it is "based on the flawed premise that in order for a person to use strong physical force, the person must generate or direct the use of this force."); *see also Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012) (finding that Illinois battery was a violent felony under the ACCA because the statute required proof that the defendant "knowingly or intentionally . . . cause[d] bodily harm," even though it did not include physical force as a stand-alone element). Because even the intentional use of poison involves the intentional use of force capable of causing physical injury, *see Vargas-Sarimento v. United States*, 448 F.3d 159, 174–75 (2nd Cir. 2006) (rejecting argument that murder by poisoning would not involve the use of physical force based on the fact that a "perpetrator [who] poisons food that she intends her spouse to eat . . . intentionally avails herself of the physical force exerted by poison on a human body to kill her husband"), Petitioner has failed to establish that this Court erred when it categorized his attempted second-degree murder conviction as a crime of violence.

### IV. CONCLUSION

For the foregoing reasons, the United States' motion to deny and dismiss with prejudice [Doc. 629] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 605] will be **DENIED** and

**DISMISSED WITH PREJUDICE**. FDSET's request to withdraw as counsel [Doc. 632] will be **GRANTED**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE