UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99-CR-36 |
| | ) | No. 2:03-CR-74 |
| | ) | |
| GREGORY L. HARDIN | ) | |

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address the defendant's March 16, 2019 Motion to Reconsider and/or Motion for Resentencing. [Doc. 74]. The government responded, [Doc. 76], and defendant replied, [Doc. 77]. The matter is now ripe for review.

**I.    Background**

Defendant was granted a sentence reduction in case number 2:03-CR-74 pursuant to Section 404 of the First Step Act of 2018, Pub. L. 115-391. *See United States v. Gregory L. Hardin*, No. 2:03-CR-74 (E.D. Tenn. Mar. 7, 2019). In 2003, this Court imposed a 262-month sentence and a five-year term of supervised release for a violation of 21 U.S.C. § 841(a)(1) and 846, conspiracy to distribute, and possession with the intent to distribute, less than 50 grams of cocaine base (crack). *See id.* at [Doc. 407]. In that case, it is undisputed that defendant's conviction is covered under § 404 of the First Step Act. In briefing the First Step Act motion, the parties advised the Court that defendant had served 237[1] months' imprisonment, well over the calculated proportionate reduction of 188 months. *See id.* at [Doc. 648]. The Court then reduced defendant's sentence to a period of

---

[1] The government admits in its brief that it's calculations on defendant's prior jail credit and earned good-time credit were mistaken, and that defendant has actually served 213 months and 5 days' imprisonment. [Doc. 76 at 2-3]. The 213 months' imprisonment that defendant has served remains above the proportionately reduced sentence of 188 months' imprisonment under 404 of the First Step Act; defendant's reduced sentence of time served plus ten days remains unchanged. *See United States v. Gregory L. Hardin*, No. 2:03-CR-74 (E.D. Tenn. Mar. 7, 2019).

1

time served plus ten days. *See id.* at [Doc. 648].

Although defendant's term of imprisonment was reduced to time served, defendant remained incarcerated serving a consecutive eighteen-month conviction for a violation of supervised release in case number 2:99-CR-36. [Doc. 72].

At the July 18, 2005 revocation hearing for case number 2:99-CR-36, "defendant stipulated in open court that he has violated the terms of his supervised release by his conviction in N[o]. 2:03-CR-74." [*Id.*]. The Court found that a sentence on the lower end of the eighteen to twenty-four sentence was appropriate, because it reflected the seriousness of the offense, promoted respect for the law, provided just punishment for the offense, afforded adequate deterrence to criminal conduct, and protected the public from further crimes of the defendant. [*Id.*]. The Court then imposed an eighteen-month sentence to run consecutively to defendant's sentence in case number 2:03-CR-74. [*Id.*]. According to the parties, defendant began serving the consecutive sentence on March 19, 2019. [Doc. 74 at 2].

## II. Analysis

Defendant now argues that he has likely served more than the proportionate sentence following the First Step Act reduction combined with the eighteen-month sentence, and that the proper resolution for both cases would be for his immediate release. [Doc. 74]. Specifically, defendant's position remains that the 213 months' imprisonment already served should be credited towards both sentences. [*Id.*]. Defendant requests the "Court to reconsider the specific relief granted in case number 2:03-cr-00074" to a specific term of 188 months, to allow for defendant's time served to be credited towards his revocation sentence. Alternatively, defendant requests the Court to enter an order resentencing defendant to "time served" in case number 2:99-CR-36 "due to the amount of time spent in prison" serving defendant's 2003 conviction. [*Id.* at 1-2].

The government opposes defendant's request and contends that the First Step Act "offers no

basis to modify a sentence for violating the terms of supervised release." [Doc. 76 at 2]. The government further argues that defendant makes no reason to reduce his sentence in case number 2:03-CR-74 to a sentence below the amount of time he had served when the First Step Act was enacted. [*Id.*].

Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. *See* First Step Act § 404(c). *See also* 18 U.S.C. § 3582(c)(1)(B) (allowing a court can modify a term of imprisonment "to the extent otherwise expressly permitted by statute"). "If Congress intended for courts to order defendants to be released immediately, regardless of the circumstances, it could have written the statute that way. It did not. The fact that the time-served sentence has not resulted in defendant's immediate release is not an 'error.'" *United States v. Glore*, ___ F. Supp.3d ___, No. 99-CR-82-pp., 2019 WL 1060838, at *21-22 (E.D. Wis. Mar. 6, 2019).

The Court will not retract its decision to reduce defendant's sentence to time served under the First Step Act in case number 2:03-CR-74. To the extent that the defendant seeks the Court to amend its order from time served to the specific term of 188 months' imprisonment, defendant's request is denied. A sentence of less than time served would allow the defendant to have "banked time" to be applied to any future term of imprisonment that might be imposed . . . ." *United States v. Fleurival*, No. 5:06-cr-41-4,2019, 2019 LEXIS 20057, at n.* (W.D. Va. Feb. 6, 2019). *See United States v. Martin*, No. 03-cr-795 (BMC), 2019 WL 2289850, at *10-12 (E.D.N.Y. May 28, 2019) (explaining how resentencing to a specific term would allow criminal defendants to "bank time" with respect to other or future offenses); *United States v. Paul*, No. 7:06-cr-89, 2019 WL 861420, at *5-6 (W.D. Va. Feb. 22, 2019) (discussing concerns of a court's reduction of a sentence below time served would result in "banked time").

The Court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced sentences to time served,

even where a defendant already had served more than the applicable guideline range. *See United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *6 (W.D. Va. Feb. 13, 2019) (refusing to reduce a sentence below time served when granting relief under the First Step Act); *United States v. Thompson*, No. 03-72, 2019 WL 460361, at *2 (W.D. Pa. Feb. 6, 2019) (noting that defendant had already served over 54 months more than the high-end of the guideline range, and reducing his sentence under the First Step Act to time served).

The Court further declines to reduce defendant's consecutive revocation sentence to time served. The only sentence the First Step Act authorized the Court to reduce is defendant's conviction in case number 2:03-CR-74, and not defendant's eighteen-month revocation sentence. The First Step Act permits the court to impose a "reduced sentence" and thus "modify" the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B). *See* First Step Act § 404. Under § 3582(c)(1)(B), a Court can modify a term of imprisonment "to the extent otherwise expressly permitted by statute." The First Step Act limits eligibility for relief to a narrow class of defendants[2], and the statutory language is devoid of any grant of authority to permit courts to change or modify a sentence that is the result of a violation of supervised release. *See United States v. Allen,* No. 3:96-CR-00149, 2019 WL 1877072, at *7 (D. Conn. Apr. 26, 2019) (quoting *Martin*, 2019 WL 1558817, at *3) ("It is the statute of conviction, not actual conduct that controls eligibility under the First Step Act."). Therefore, the Court declines to reduce defendant's revocation conviction.

Further, the First Step Act it does not "expressly permit" full resentencing for reconsideration of the original sentencing determinations. *See* First Step Act § 404(b). *See also See United States v.*

---

[2] More specifically, section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

*Perkins*, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for); *United States v. Davis*, No. 07-cr-2458, 2019 WL 1054554, at *4 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted. Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that [defendant] advocates."). As such, defendant is not entitled to a full resentencing, and the First Step Act does not authorize the court to disturb the eighteen-month consecutive sentence imposed in case number 2:99-CR-36.

### III. Conclusion

Therefore, it is hereby **ORDERED** that defendant's Motion to Reconsider and/or Motion for Resentencing, [Doc. 74], is **DENIED**. Defendant's identical motion filed in case number 2:03-CR-74 is likewise **DENIED**. [Doc. 649].

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE